# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
March 15, 2018

v

JOHN JAMES,

No. 335398
Wayne Circuit Court
LC No. 16-003682-01-FC

Defendant-Appellant.

Before: M. J. KELLY, P.J., and JANSEN and METER, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of assault with intent to do great bodily harm (AWIGBH), MCL 750.84, carrying a dangerous weapon with unlawful intent, MCL 750.226, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced to 3 to 10 years' imprisonment for the AWIGBH conviction, one to five years' imprisonment for the carrying of a dangerous weapon with unlawful intent conviction, and two years' imprisonment for the felony-firearm conviction. We vacate defendant's sentences and remand to the trial court for resentencing.

Defendant first argues that his sentence of 3 to 10 years' imprisonment imposed by the trial court for his AWIGBH conviction, which departed from the minimum sentencing guidelines range of 10 to 23 months' imprisonment, is disproportionate and lacked any justification for the degree or extent of the departure. We agree.

This Court reviews departure sentences for reasonableness using the principal of proportionality articulated in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990). See *People v Steanhouse*, 500 Mich 453, 471-472; 902 NW2d 327 (2017) (*Steanhouse II*). As this Court recently explained in *People v Dixon-Bey*, ___ Mich App ___, ___; ___ NW2d ___ (2017) (Docket No. 331499); slip op at 16:

"A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). "[T]he standard of review to be applied by appellate courts reviewing a sentence for reasonableness on appeal is an abuse of discretion. [*Steanhouse II*, 500 Mich at 471.] In *Steanhouse*, the Michigan Supreme Court clarified that 'the relevant question for appellate courts reviewing

-1-

a sentence for reasonableness' is 'whether the trial court abused its discretion by violating the principle of proportionality[.]' [*Id*.] The principle of proportionality is one in which

> "a judge helps to fulfill the overall legislative scheme of criminal punishment by taking care to assure that the sentences imposed across the discretionary range are proportionate to the seriousness of the matters that come before the court for sentencing. In making this assessment, the judge, of course, must take into account the nature of the offense and the background of the offender." [[*Id*. at 472], quoting *Milbourn*, 435 Mich [at 651].]

> Under this principle, " '[T]he key test is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range.' " [*Steanhouse II*, 500 Mich at 472,] quoting *Milbourn*, 435 Mich at 661. [*Dixon-Bey*, ___ Mich App at ___; slip op at 16.]

The sentencing guidelines remain an "aid to accomplish the purposes of proportionality . . . ." *Id*. at ___; slip op at 18. The sentencing guidelines " 'provide objective factual guideposts that can assist sentencing courts in ensuring that the offenders with similar offense and offender characteristics receive substantially similar sentences.' " *Id*., quoting *People v Smith*, 482 Mich 292, 309; 754 NW2d 284 (2008) (brackets omitted). Our Supreme Court has been clear that while the sentencing guidelines are now merely advisory, they "remain a highly relevant consideration in a trial court's exercise of sentencing discretion . . . ." *Lockridge*, 498 Mich at 391. See also *Steanhouse II*, 500 Mich at 474-475. As this Court recently explained:

> Because the guidelines embody the principle of proportionality and trial courts must consult them when sentencing, it follows that they continue to serve as a 'useful tool' or 'guideposts' for effectively combating disparity in sentencing. Therefore, relevant factors for determining whether a departure sentence is more proportionate than a sentence within the guidelines range continue to include (1) whether the guidelines accurately reflect the seriousness of the crime, *People v Houston*, 448 Mich 312, 321-322; 532 NW2d 508 (1995), see also *Milbourn*, 435 Mich at 657, (2) factors not considered by the guidelines, *Houston*, 448 Mich at 322-324, see also *Milbourn*, 435 Mich at 660, and (3) factors considered by the guidelines but given inadequate weight, *Houston*, 448 Mich at 324-325, see also *Milbourn*, 435 Mich at 660 n 27. [*Dixon-Bey*, ___ Mich App at ___; slip op at 18-19.]

Other factors to consider "include 'the defendant's misconduct while in custody, *Houston*, 448 Mich at 323, the defendant's expressions of remorse, *id*., and the defendant's potential for rehabilitation, *id*.' " *Dixon-Bey*, ___ Mich App at ___; slip op at 19 n 9, quoting *People v Steanhouse (Steanhouse I)*, 313 Mich App 1, 46; 880 NW2d 297 (2015).

In *Milbourn*, our Supreme Court observed:

Even where some departure appears to be appropriate, the extent of the departure (rather than the fact of the departure itself) may embody a violation of the principle of proportionality. See *People v McKinley*, 168 Mich App 496, 512; 425 NW2d 460 (1988). ("We do not dispute that a prison sentence—even a lengthy one—is in order. We conclude, however, that a fifteen-year minimum sentence for the events that occurred here is disproportionate to the specific acts committed and the danger involved. *Too frequently reasons are given for a sentence that apply equally to a lesser or greater sentence unless an explanation is offered on the record for the specific sentence given.* Such was the case here.") (Emphasis added.) [*Milbourn*, 435 Mich at 659-660 (footnote omitted).]

Therefore, "[w]hen making this determination and sentencing a defendant, a trial court must ' "justify the sentence imposed in order to facilitate appellate review," ' *Steanhouse*, [500 Mich at 470], quoting *Lockridge*, 498 Mich at 392, which 'includes an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been,' *Smith*, 482 Mich at 311." *Dixon-Bey*, ___ Mich App at ___; slip op at 19.

Our first step in the reasonableness review is to determine whether there were " 'circumstances that are not adequately embodied within the [offense] variables used to score the guidelines.' " *Steanhouse III*, ___ Mich App at ___; slip op at 3, quoting *Milbourn*, 435 Mich at 659-660. Our analysis requires comparing "the stated reasons for exceeding the guidelines with the scored offense variables (OVs) to determine whether those reasons were already encompassed within the guidelines." *Steanhouse III*, ___ Mich App at ___; slip op at 3. The relevant inquiry becomes "whether the trial court abused its discretion by imposing a departure sentence without articulating whether the guidelines adequately took into account the conduct alleged to support the particular departure imposed." *Id*.

In sentencing defendant above the minimum sentencing guidelines range for his AWIGBH conviction, the trial court articulated that it believed defendant's crime was senseless. The trial court did not understand why defendant thought it was a good idea to put a gun in the trunk of a car and use it against another human being in response to being taunted by the victim. The trial court noted that defendant's decision to shoot at the victim "was not something that was spur of the moment, that he didn't think about. He was upset with the victim for supposedly making fun of him and he wanted to show him, you know, you can't make fun of me kind of thing[.]" This reasoning speaks to the nature of this particular defendant and his crime, which were not taken into consideration by the guidelines.

However, the trial court also articulated reasoning that was not unique to defendant or to defendant's crime. Specifically, the trial court pontificated at length regarding recidivism amongst offenders under the age of 22, and questioned how defendant could not have learned from other young black men who have "shot guns and gotten prison time[.]" Specifically, the trial court relied on baseball statistics, and opined that not relying on statistics is what got Kirk Gibson fired. A defendant's potential for rehabilitation or propensity for recidivism and misconduct while in custody are factors not properly recognized by the guidelines, and can be considered by a trial court when imposing a departure sentence. *Steanhouse I*, 313 Mich App at 46. However, they were not a proper consideration here: the record is clear that defendant has no prior criminal history whatsoever, expressed remorse for his crime, and had strong family

-3-

support. The trial court's references to rehabilitation and recidivism were generic, and not specifically related to the circumstances surrounding this defendant and his crime.

Further, not only does the trial court have an obligation to articulate sufficient reasons for imposing a departure sentence, but it has a duty to explain why the *extent* of the departure is warranted. *People v Steanhouse (On Remand)*, ___ Mich App ___, ___; ___ NW2d ___ (2017) (Docket No. 318329) (*Steanhouse III*); slip op at 5; *Dixon-Bey*, ___ Mich App at ___; slip op at 19. See also *Smith*, 482 Mich at 304 (a trial court "must explain why the sentence imposed is more proportionate than a sentence within the guidelines recommendation would have been."). On the record before us, it is difficult to ascertain the trial court's reasoning for the extent of the departure sentence imposed, and its rationale regarding whether the extent of the departure imposed was proportionate to the seriousness of the crime. Accordingly, we conclude that the trial court " 'abused its discretion in applying the principle of proportionality by failing to provide adequate reasons for the extent of the departure sentence imposed,' " and remand for resentencing is required. *Steanhouse III*, ___ Mich App at ___; slip op at 15, quoting *Steanhouse II*, 500 Mich at 476.

Defendant also argues that the sentence imposed by the trial court constituted cruel and unusual punishment. It is premature to consider whether defendant's departure sentence is cruel or unusual because defendant is entitled to resentencing, and it remains to be determined whether, upon resentencing, the trial court will impose a proportionate sentence or a sentence that will be within the appropriate guidelines range. Accordingly, defendant's claim that his current sentence is cruel or unusual is moot due to the possibility of an altered sentence.

We vacate defendant's sentences and remand for resentencing in accordance with this opinion. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Kathleen Jansen
/s/ Patrick M. Meter

-4-